UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOBIA SACCHETTI,

                              Plaintiff,

            -against-

WESTCHESTER DOC; WESTCHESTER
COUNTY JAIL,

                              Defendants.

22-CV-4508 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently a pretrial detainee at the Westchester County Jail, brings this

*pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights. He sues the

Westchester County Department of Corrections ("DOC") and the Westchester County Jail

("WCJ"), alleging that, after he was injured from an incident at the jail, he did not receive

adequate medical care. Plaintiff seeks injunctive relief and monetary damages.

By order dated August 17, 2022, the Court granted Plaintiff's request to proceed *in forma*

*pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court

grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following information is taken from the complaint. On March 24, 2022, the sprinkler system in the bathroom of the WCJ's C-Block went off, and a piece of metal came off a sprinkler

and hit Plaintiff on his left ear. A sergeant sent Plaintiff to the clinic, and the nurse at the clinic

gave him some ear drops and said that everything was fine. The next day, however, Plaintiff had

trouble with his hearing, and he returned to the clinic. He was again seen by a nurse, given ear

drops, and was told that everything was fine. Plaintiff requested medical treatment three more

times concerning his hearing, and received the same treatment each time, with the nurse telling

him that everything is fine. Finally, when he could no longer hear in his left ear, Plaintiff again

requested medical treatment, and this time, the nurse stated that he had "significant damage in

[his] left ear." (ECF 1, at 5.) Plaintiff then wrote to the clinic nurse requesting to see a doctor, but

the jail's clinic director refused. Plaintiff claims that he now has ringing in both ears and has lost

the hearing in his left ear. (*Id.*, at 6.)

## DISCUSSION

**A.      Claims against Westchester Department of Corrections and the Westchester County Jail**

Plaintiff's claims against the DOC and the WCJ must be dismissed because city or county

agencies, departments or facilities do not have the capacity to be sued under New York law.[2] *See*

*Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In

New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185

F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely

administrative arms of a municipality do not have a legal identity separate and apart from the

---

[2] Section 1983 also provides that an action may be maintained against a "person" who
has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. Here, the
WCJ, which is a facility, is not a "person" within the meaning of Section 1983. *See Will v. Mich.
Dep't of State Police*, 491 U.S. 58 (1989) (holding that a state agency is not a "person" for the
purpose of § 1983 liability); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420
(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (noting that a correctional facility or jail
is not a "person" within the meaning of Section 1983).

municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against Westchester County, the Court construes the complaint as asserting claims against Westchester County, and directs the Clerk of Court to amend the caption of this action to replace the DOC and the WCJ with Westchester County. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Westchester County may wish to assert.

**B.    Deliberate indifference**

Plaintiff is essentially asserting that correction officials and medical staff members at the WCJ were deliberately indifferent to conditions during his confinement that posed a serious threat to his health or safety, and that they failed to provide him adequate medical care. As Plaintiff was a pretrial detainee during the events giving rise to his claims, the claims arise under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment's Cruel and Unusual Punishment Clause. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). However, "a detainee's rights [under the Fourteenth Amendment] are at least as great as the Eighth Amendment protections available to a convicted prisoner." *Id.* (quoting *City of Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 244 (1983)).

To state such a conditions-of-confinement claim, a plaintiff must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that a correction official acted with at least deliberate indifference to the challenged conditions. *Id.*

For the objective element, a pretrial detainee "must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which

"includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). "[P]rison officials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker*, 717 F.3d at 125 (internal quotation marks omitted).

For the subjective element, a pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. The mere negligence of a correction official is not a basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

## 1.    Metal piece that fell and hit Plaintiff

Here, Plaintiff fails to state a viable condition-of-confinement claim with respect to the piece of metal that he alleges fell and hit him on his ear when the sprinkler system went off. He does not allege facts suggesting that any individual was aware or should have been aware of a specific risk of serious injury to him, and then failed to act with reasonable care to mitigate that risk. The Court therefore grants Plaintiff leave to amend this claim to provide more facts surrounding this incident, including facts indicating whether any individual was aware, or should have been aware, that there was a risk that a piece of metal would fall and harm him or others and did nothing.

## 2.    Inadequate medical care

Plaintiff's allegations concerning his medical treatment, however, suggest a viable constitutional claim for inadequate medical care. He alleges that after he sustained the injury to

his ear, he repeatedly sought treatment at the facility's clinic, but was told that "everything was fine." (ECF 1, at 5.) After Plaintiff lost the hearing in his left ear, a nurse diagnosed him as having "significant damage," but the clinic director denied Plaintiff's request to see a doctor. (*Id*.) Plaintiff's assertions suggest that he had a serious medical condition that posed an unreasonable risk of serious damage to his health and he challenges the sufficiency of the care that he was given. Plaintiff also refers several times to seeing a nurse or multiple nurses at the facility's clinic, and he asserts that the clinic director denied his request to see a doctor. These allegations suggest that these individuals knew, or should have known, that the treatment he was given was insufficient and posed an excessive risk to his health or safety. Plaintiff does not, however, name any of those individuals as defendants.

The Court grants Plaintiff leave to file an amended complaint naming as defendants any individual WCJ employees who he alleges were deliberately indifferent to his medical needs, including the nurses at the facility's clinic who failed to adequately treat him and the clinical director who refused him permission to see a doctor. If Plaintiff does not know their names, he may refer to them as "John Doe" or "Jane Doe," and should provide any identifying information he has, such as physical characteristics or badge numbers. Further, as explained below, if he wishes to pursue claims against Westchester County, he must also allege facts indicating that any deprivation of his rights was the result of a policy, custom or practice of the County.

## C. Municipal liability

The Court, having substituted as a defendant Westchester County for the DOC and the WCJ, grants Plaintiff leave to state facts in support of any claim he seeks to bring against the County. A municipality or other local government may be liable under Section 1983 "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson,* 63 U.S. 51, 60 (2011) (quoting *Monell v.*

*Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)). A municipal organization is subject to liability where its "failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (citing *Monell*, 436 U.S. at 694). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff fails to plead facts suggesting that Westchester County implemented a policy or adopted a custom or practice that caused the violation of his rights. He does not allege any facts suggesting that in furtherance of a policy, custom, or practice, either correction officers or medical staff at the WCJ violated his constitutional rights. The Court, however, grants Plaintiff leave to plead in the amended complaint a municipal liability claim against Westchester County. He must allege facts suggesting a constitutional violation, and that a County's policy, custom, or practice caused the alleged deprivation.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid inadequate medical care claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. First, Plaintiff must name as the defendant(s) in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe"[4] in both the caption and the body of the amended complaint. [5]

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a)   the names and titles of all relevant people;

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1, on duty on August 31, 2022, at the Westchester County Jail, during the 7 a.m. to 3 p.m. shift."

[5] The naming of John Doe defendants does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims against the Westchester County Department of Corrections and the Westchester County Jail and directs the Clerk of Court to add Westchester County as a defendant. *See* Fed. R. Civ. P. 21.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-4508 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

   Dated:   October 11, 2022
            New York, New York

                                        /s/ Laura Taylor Swain
                                    _____
                                          LAURA TAYLOR SWAIN
                                      Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                 Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                         State                  Zip Code

Defendant 2:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                         State                  Zip Code

Defendant 3:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                         State                  Zip Code

Defendant 4:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                         State                  Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____